

U.S. DISTRICT C... ...
SO. DIST. AL.
MOBILE, AL 366☐?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA ₂₀₀₀ SEP -7  A 11: 01
NORTHERN DIVISION

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| HOUSEHOLD BANK, f.s.b., | : | Complaint |
| | : | |
| | : | Civil Action No. 00- **0815-MJ·M** |
| Plaintiff, | : | |
| v. | : | |
| PEARLIE CARTER, CLARESA | : | |
| SAULSBERRY-COCHRAN, DAVID | : | |
| FULLER, WANDA J. WIGGINS & | : | |
| TOMMY RABY, and those individuals | : | |
| listed on Exhibit "A", | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Household Bank, f.s.b. (hereinafter "Household"), by its undersigned attorneys, brings this action for a declaratory judgment pursuant to 28 U.S.C. §2201 and Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, against the Alabama citizens identified below for the purpose of determining a question of actual controversy between the parties hereto, namely, the enforceability of an arbitration clause contained in the contracts entered into by each defendant with Household. Arbitration is required pursuant to the unambiguous terms of the parties' contracts, which provided the defendants with substantial benefits, and is clearly favored under the law.

1406559v1

## THE PARTIES

1.     Plaintiff Household is a federal savings bank chartered in the State of Illinois, with its principal place of business located at 700 N. Wood Dale Road, Wood Dale, Illinois. Household has a branch office in Delaware, from which it has made loans to each of the defendants. Household is the successor-in-interest to Beneficial National Bank ("Beneficial").

2.     Defendants are each citizens of the State of Alabama. Because of the large number of defendants, a listing of the defendants' names is set forth on the attached Exhibit "A".

## JURISDICTION AND VENUE

3.     This declaratory judgment action is brought under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because Household and the defendants are citizens of different States and the amount in controversy between Household and each defendant exceeds $75,000, exclusive of interest and costs. The defendants were formerly members of a settlement class in a lawsuit in federal court in Chicago, and they, along with several thousand persons in Mississippi, opted-out of the settlement class (collectively the "Opt-outs"). Satisfaction of the amount-in-controversy requirement is demonstrated by the attached letter from counsel for 1,040 of the Opt-outs, which makes a collective settlement demand for $412 million, equalling approximately $396,000 for each person on behalf of whom the demand was made. (Exhibit "B"). Counsel for other Opt-outs have also expressed an intention to assert claims against Household for substantial damages, including punitive damages. (See Affidavit of Richard Schwartz at ¶6, attached as Exhibit "C"). Although Household denies that it has any liability to the Opt-outs, and also denies that the Opt-outs would be entitled to recover substantial damages even if liability was established, the amount-in-controversy requirement is met

1406559v1

on account of the Opt-outs' own assertions that the damages to which they are allegedly entitled are substantial.

5.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331, because certain of the potential claims by the defendants against Household arise under federal law, including the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§1601, et seq.  Indeed, in the federal court class action brought against Household from which the defendants herein excluded themselves in order to pursue their own claims against Household, claims were asserted against Household under TILA and other federal statutes as well.

6.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391, because all defendants reside in Alabama and one or more defendants resides in this District.

## THE DISPUTE

7.     Each of the defendants was formerly a member of the settlement class in consolidated class actions in the Northern District of Illinois captioned Zawikowski, et al. v. Beneficial National Bank, et al., No. 98-C-2178, and Turner v. Beneficial National Bank, No. 98-C-2550 (hereinafter collectively referred to as the "Class Action").

8.     The Class Action was brought against Beneficial (which later became Household) and H&R Block ("Block") by persons who had obtained tax refund anticipation loans ("RALs").  A RAL is a loan made to a tax preparation service customer in the amount of his or her anticipated tax refund, less the fees charged by the lender (Household and its predecessor, Beneficial) and Block.  The tax return is filed electronically by the tax preparer, Block, and the loan by the lender is secured by the anticipated tax refund.  The customer authorizes the Government to deposit his or her tax refund directly into an account at the lender, thereby repaying the loan.  A RAL enables a

1406559v1

taxpayer to receive the amount of his or her anticipated tax refund (less applicable charges) within just a few days.

9.     In October, 1999, a settlement agreement was entered into in the Class Action. The settlement entailed the creation of a settlement fund of $25 million, to be distributed to claimants pro-rata with a cap of $15 per claimant, and unclaimed funds were to revert to Household and Block. The settlement also provided for substantial equitable relief.  The District Court (Judge James B. Zagel) preliminarily approved the settlement in December, 1999 and certified a nationwide settlement class comprised of all persons who obtained a RAL at any time from January 1, 1987 - October 26, 1999 from Household (or its predecessor, Beneficial) or through an office operating under the Block trade name, except for certain Block customers in Pennsylvania and certain customers of Jackson Hewitt, Inc..

10.     After preliminary approval of the settlement by the Court, approximately 17.7 million notices were mailed to class members, and notice by publication (Parade Magazine and USA Today) was also made.  After a fairness hearing, the District Court entered an Order on July 21, 2000 (2000 U.S. Dist. LEXIS 11535) wherein it found that the $25 million settlement figure was fair and reasonable, provided that the reverter provision was eliminated from the settlement agreement.  The parties subsequently amended the settlement to eliminate the reverter provision, and a motion for final approval of the revised settlement agreement is sub judice.

11.     All of the defendants elected to exclude themselves from the settlement class in the Class Action, and their exclusions were mailed en masse by various lawyers and law firms. Certain of these lawyers placed advertisements soliciting people to opt out of the Class Action.

12.     Each of the defendants obtained a RAL from Household (or its predecessor, Beneficial) in 1997, 1998, 1999 or 2000.  In each of those years, persons who obtained a RAL from

1406559v1

Beneficial signed Application Forms that contained arbitration clauses.  Copies of the Application Forms for those four years are collectively attached as Exhibit "D".

(a)     The 1997 arbitration clause states as follows:

7.     **ARBITRATION**: The parties to this RAL application, the Loan Agreement on the RAL check that I signed and any such prior agreements involving the same parties (collectively the "Agreements") hereby agree that any claim or dispute (whether in contract, tort or otherwise) in any way relating to the Agreements or relating to the relationships of such parties including the validity or enforceability of this arbitration provision or any part thereof, (collectively the "Claim"), shall be resolved, upon the election of either party, by binding arbitration pursuant to this arbitration provision and the Code of Procedure of the National Arbitration Forum in effect at the time the Claim is filed.  No class actions are permitted without the consent of the parties.  The parties agree that for purposes of this arbitration provision, H&R Block, Inc., its subsidiaries, franchisees, affiliates, agents, and employees (collectively "Block") shall be an intended third party beneficiary of the Agreements and a party to this arbitration provision and any claims or disputes in any way relating to Block in connection with any RAL transaction made pursuant to the Agreements involving Block shall be considered a Claim and resolved pursuant to this arbitration provision.  Rules and forms of the National Arbitration Forum may be obtained by calling (800) 474-2371 and all Claims shall be filed by certified mail at any National Arbitration office or at Post Office Box 50191, Minneapolis, Minnesota 55405.  Any participatory arbitration hearing that I attend will take place in the federal judicial district in which I live.  This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16.  The award of the Arbitrator shall apply relevant law and provide written, reasoned findings of fact and conclusions of law, and shall not be subject to appeal.  Judgment upon the award may be entered in any court having jurisdiction.  Nothing in this arbitration provision shall be construed to prevent BNB's use of offset or other contractual rights involving my income tax refund or other amount on deposit with BNB to pay off any RAL debts now or hereafter owed by me to BNB or any other RAL Lender or ERO pursuant to the Agreements. **The parties hereto acknowledge that they have a right to litigate claims in court, but they prefer to resolve any such claims through arbitration and hereby waive their rights to litigate such claims in court upon election of arbitration by either party.**  The parties further agree that any Claim hereunder shall be limited to no more than the claimant's actual compensatory, economic damages plus punitive damages, if any in the Arbitrator's discretion, of no more than 3 times the claimant's respective actual compensatory, economic damages or $50,000 whichever is lesser, and that each party shall bear the expense of their respective attorney's fees regardless of which party prevails.

(b)     The 1998 arbitration clause states as follows:

7.     **ARBITRATION**: By signing this RAL application or the Loan Agreement on my 1998 RAL check, (collectively the "Agreements"), I hereby agree that any claim or dispute (whether in contract, tort or otherwise) in any way relating to the Agreements or such similar agreements,

1406559v1

for prior years involving the same parties or relating to the relationships of such parties including the validity or enforceability of this arbitration provision or any part thereof, (collectively the "Claim"), shall be resolved, upon the election of either party, by binding arbitration pursuant to this arbitration provision and the Code of Procedure of the National Arbitration Forum in effect at the time the Claim is filed.  No class actions are permitted without the consent of the parties.  The parties agree that for purposes of this arbitration provision, any ERO, its subsidiaries, franchisees, affiliates, agents, and employees (collectively "ERO") shall be an intended third party beneficiary of the Agreements and a party to this arbitration provision and any claims or disputes in any way relating to my ERO in connection with any RAL application or transaction made pursuant to the Agreements or similar prior applications or agreements involving my ERO shall be considered a Claim and resolved pursuant to this arbitration provision. Rules and forms of the National Arbitration Forum may be obtained by calling 1-800-474-2371 and all Claims shall be filed by certified mail at any National Arbitration Forum office or at Post Office Box 50191, Minneapolis, Minnesota 55404. Any participatory arbitration hearing that I attend will take place in the federal judicial district in which I live. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16. The award of the Arbitrator shall apply relevant law pursuant to Section 3G above and provide written, reasoned findings of fact and conclusions of law, and shall not be subject to appeal, unless the arbitrator's decision clearly conflicts with applicable law. Judgment upon the award may be entered in any court having jurisdiction.  Nothing in this arbitration provision shall be construed to prevent BNB's use of offset or other contractual rights involving payment of my income tax refund or other amount on deposit with BNB to pay off any RAL, RAC debts or ERO fees now or hereafter owed by me to BNB or any other RAL Lender or ERO pursuant to the Agreements or similar prior agreements. The parties hereto acknowledge that they have a right to litigate Claims in court, but they prefer to resolve any such Claims through arbitration and hereby waive their rights to litigate such Claims in court upon election of arbitration by either party.  The parties further agree that any award hereunder shall be based on the claimant's actual compensatory, economic damages and equitable relief as appropriate plus proportional punitive damages, if any are deemed appropriate in the Arbitrator's discretion.  Each party shall bear the expense of their respective attorney's fees regardless of which party prevails. The decision of the Arbitrator and the amount of any Award shall be kept confidential by the parties.  This arbitration provision shall supersede any prior arbitration provision contained in any previous RAL application agreement.

(c)     The 1999 arbitration clause states as follows:

**6.     ARBITRATION**: By signing this RAL application or endorsing my 1999 RAL check which contains the Loan Agreement (collectively the "Agreements") I hereby agree that any claim or dispute (whether in contract, tort or otherwise) in any way relating to the Agreements or such similar agreements for prior years involving the same parties or relating to the relationships of such parties, including the validity or enforceability of this arbitration provision or any part thereof (collectively, the "Claim"), shall be resolved, upon the election of either party, by binding arbitration pursuant to this arbitration provision and the Code of

Procedure of the National Arbitration Forum in effect at the time the Claim is filed. No class actions are permitted without the consent of the parties herein. Rules and forms of the National Arbitration Forum may be obtained by calling 1-800-474-2371 and all Claims shall be filed by certified mail at any National Arbitration Forum office or at Post Office Box 50191, Minneapolis, Minnesota 55405. Any participatory arbitration hearing that I attend will take place in the federal judicial district in which I live. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16. The award of the Arbitrator shall apply relevant law pursuant to Section 3G above and provide written, reasoned findings of fact and conclusions of law, and shall not be subject to appeal, unless the arbitrator's decision clearly conflicts with applicable law. Judgment upon the award may be entered in any court having jurisdiction. Nothing in this arbitration provision shall be construed to prevent HB's use of offset or other contractual rights involving payment of my income refund or other amount on deposit with HB to pay off any RAL debts or ERO or other fees now or hereafter owed by me to HB or any other RAL Lender or ERO or third party pursuant to the Agreements or similar prior agreements. The parties hereto acknowledge that they have a right to litigate Claims in court, but they prefer to resolve any such Claims through arbitration and hereby waive their rights to litigate such Claims in court upon election of arbitration by either party. The parties hereto further agree that any award hereunder shall be based on the claimant's actual compensatory, economic damages, and equitable relief as appropriate, plus proportional punitive damages, if any are deemed appropriate in the Arbitrator's discretion. Each party hereto shall bear the expense of their respective attorney's fees regardless of which party prevails. The decision of the Arbitrator and the amount of any Award shall be kept confidential by the parties hereto. This arbitration provision shall supersede any prior arbitration provision contained in any previous RAL or RAC application agreement.

        (d)     The 2000 arbitration clause states as follows:

**10.**    **ARBITRATION PROVISION:** By signing this RAL application or the Loan Agreement (collectively the "Documents"), I hereby agree that any claim, dispute or controversy, whether in contract, tort (intentional or otherwise), whether pre-existing, present or future, and including constitutional, statutory, common law, regulatory, and equitable claims with HB (as defined at the end of this paragraph) in any way relating to (a) the Documents or such similar documents for prior years, (b) advertisements, promotions, or oral or written statements related to RALs, and/or (c) the relationships of the parties, including the validity, enforceability or scope of this Arbitration Provision or any part thereof (collectively, the "Claim"), shall be resolved, upon the election of either me or HB, by binding arbitration pursuant to this Arbitration Provision and the applicable rules of either the American Arbitration Association ("AAA"), JAMS/Endispute ("JAMS") or the National Arbitration Forum ("NAF") in effect at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of these three arbitration administrators. The arbitrator must be a lawyer with more than ten (10) years of experience or a retired or former judge. In the event of a conflict between this Arbitration Provision and the rules of the arbitration administrator, this Arbitration Provision shall govern. HB hereby agrees not to invoke its right to arbitrate an individual Claim I may bring in small claims court or an

equivalent court, if any, so long as the Claim is pending only in that court. No class actions, or joinder or consolidation of claims with other persons, are permitted in the arbitration without the consent of the parties hereto. On any claim I file, I will pay the first $50.00 of the filing fee. At my request, HB will pay the remainder of the filing fee and any administrative or hearing fees charged by the arbitration administrator, up to $1,500.00 on any Claim asserted by me in the arbitration. If I should be required to pay any additional fees to the arbitration administrator, HB will consider a request by me to pay all or part of the additional fees; however, HB shall not be obligated to pay any additional fees unless the arbitrator grants me an award. If the arbitrator grants an award in my favor, HB will reimburse me for any additional fees paid or owed by me to the arbitration administrator up to the amount of the fees that would have been charged if the original Claim had been for the amount of the actual award in my favor. If the arbitrator issues an award in HB's favor, I will not be required to reimburse HB for any fees HB has previously paid to the arbitration administrator or for which HB is responsible. Any participatory arbitration hearing that I attend will take place in the federal judicial district in which I live. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (the "FAA"). The arbitrator shall apply substantive law consistent with the FAA and the arbitrator's award shall not be subject to appeal, except as permitted by the FAA. Upon request of either party, the arbitrator shall prepare a short reasoned written opinion supporting the arbitration award. Judgment upon the award may be entered in any court having jurisdiction. The arbitrator's award shall not be subject to appeal except as permitted by the FAA. Nothing in this Arbitration Provision shall be construed to prevent HB's use of offset or other contractual rights involving payment of my income tax refund or other amount on deposit with HB to pay off any RAL debts or ERO or other fees now or hereafter owed by me to HB or any other RAL Lender or ERO or third party pursuant to the Documents or similar prior documents. I ACKNOWLEDGE THAT I HAVE A RIGHT TO LITIGATE CLAIMS IN COURT BEFORE A JUDGE OR JURY, BUT I PREFER TO RESOLVE ANY SUCH CLAIMS THROUGH ARBITRATION AND HEREBY KNOWINGLY AND VOLUNTARILY WAIVE MY RIGHTS TO LITIGATE SUCH CLAIMS IN COURT BEFORE A JUDGE OR A JURY, UPON ELECTION OF ARBITRATION BY HB OR BY ME. I ACKNOWLEDGE THAT I WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION, EVEN IF SUCH CLASS ACTION IS PENDING ON THE EFFECTIVE DATE OF THIS ARBITRATION PROVISION, EXCEPT THAT THIS ARBITRATION PROVISION WILL NOT PRECLUDE MY PARTICIPATION IN A CLASS WHICH HAS ALREADY BEEN CERTIFIED ON THE EFFECTIVE DATE OF THIS ARBITRATION PROVISION. I understand that one or more affiliates of HB are defendants in three class action lawsuits challenging various aspects of HB's RAL program. As of October 1, 1999, these are Affatato et al v. Beneficial Corp., et al., No. CV96-5376(NG) (Federal District Court for the E.D. of NY); Turner v. Beneficial National Bank, et al., No. 98-C-2550 (Federal District Court for the N.D. of IL); Zawikowski, et al. v. Beneficial National Bank, et al., No. 98-C-2178 (Federal District Court for the N.D. of IL). If further information about these cases is desired, the telephone number for the Affatato Court is (718) 260-2600 and the telephone number for the Turner and Zawikowski Court is (312) 435-5671. Unless a class

1406559v1

8

is certified in one or more of these cases prior to the effective date of this Arbitration Provision, I acknowledge that by signing the Documents, I may be giving up my right to participate as a member of such class. This Arbitration Provision shall supersede any prior Arbitration Provision contained in any previous RAL application or loan agreement and shall survive repayment of my RAL and termination of my account. If any portion of this Arbitration Provision is deemed invalid or unenforceable, it will not invalidate the remaining portions of the Arbitration Provision. As used in this Arbitration Provision, the term "HB" shall mean Household Bank, f.s.b., and H & R Block, Inc., and each of their parents, wholly or majority-owned subsidiaries, affiliates, predecessors, successors, and the franchisees of any of them, and each of their officers, directors, and employees.

**Contacting Arbitration Administrators:** If I have a question about the arbitration administrators mentioned in this Arbitration Provision or if I would like to obtain a copy of their arbitration rules, I can contact them as follows: American Arbitration Association, 1150 Connecticut Avenue, N.W., 6th Floor, Washington, DC 20036-4104, www.adr.org. (800) 925-0155. Arbitration rules for the Resolution of Consumer-Related Disputes (applicable to requests for arbitration filed by a consumer involving a claim under $10,000). Commercial Arbitration Rules (for all other claims). J.A.M.S./Endispute, 700 11th Street, NW, Suite 450, Washington, DC 20001, www.jams-endispute.com, (800) 352-5267. Financial Services Arbitration Rules and Procedures, National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com (800) 474-2371, Code of Procedure.

13.     All of the potential claims of the defendants against Household arising out of their RAL transactions are encompassed within the scope of the foregoing arbitration provisions, and Household hereby elects to assert its contractual right to arbitrate all such claims. As recited in the arbitration provisions, each RAL transaction involved interstate commerce, since the RALs were made to defendants, who are citizens of Alabama, by Household and its predecessor, Beneficial, from their offices in Delaware.

14.     Since the 2000 arbitration provision expressly supersedes prior RAL arbitration provisions agreed to by this year's customers, and in order to ensure uniform arbitration rights and procedures as to all of the many defendants, Household is willing to extend the benefits of the 2000 arbitration provision to all defendants, regardless of whether or not they obtained a RAL in 2000.

1406559v1

15.     An actual and justiciable controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201 concerning the enforceability of the above-quoted arbitration provisions.

16.     Even though each of the defendants agreed to be bound by one or more of the above-quoted arbitration provisions, pleadings filed in the class action on behalf of many defendants expressed an intention to file lawsuits against Household in the judicial system, rather than in the agreed-upon arbitral forum. See, e.g., Affidavit of Jock M. Smith, Esquire at ¶6 (Exhibit "E") (". . . I intend to pursue litigation through the Courts here in Alabama which are very favorable to plaintiffs with valid causes of action such as these. . . It is my opinion that meaningful and productive results can be achieved through the Courts here in Alabama. . ."); Affidavit of Will R. Kelly, Esquire at ¶6 (same) (Exhibit "F"). Household had previously served memoranda in the Class Action arguing that defendants' potential claims against Household were subject to arbitration, but none of the defendants has expressed a willingness to assert his or her claims against Household in the agreed-upon arbitral forum.

17.     It is Household's position that the above-quoted arbitration provisions are valid and enforceable, and indeed they have been upheld by various courts in RAL litigation.

18.     The expressed intention to file lawsuits against Household in court, notwithstanding the arbitration provisions, brings into question the enforceability of the arbitration provisions.

19.     Household has brought this action in order to secure an expeditious and orderly resolution of the foregoing controversy regarding the enforceability of the arbitration provisions.

1406559v1

20.     Defendants have failed, neglected or refused to assert their claims against Household in the contractually-agreed arbitral forum. Instead an intention to file claims in court has been expressed. Therefore, Household seeks an order from this Court pursuant to Section 4 of the Federal Arbitration Act compelling the defendants to submit their claims to arbitration in accordance with the parties' contracts.

## RELIEF

WHEREFORE, Household prays that this Court:

(1)     Declare and adjudicate that the arbitration provisions set forth in the contracts between Household and the defendants are binding and enforceable; and

(2)     Direct the defendants to submit the claims they seek to assert against Household in the contractually-agreed arbitral forum.

JAMES C. JOHNSTON (JOHNJ1330)

J. MICHAEL DRUHAN, JR. (DRUHJ2816)

OF COUNSEL:

JOHNSTON DRUHAN LLP
P.O. Box 154
Mobile, Alabama 36601
(332) 432-0738

1406559v1

11

STEWART M. COX (COXS4196)

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
420 North 20th Street
Suite 2000
Birmingham, Alabama 35203-3208
(205) 521-8000

1406559v1

EXHIBITS NOT SCANNED